UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN M. MURILLO,<br><br>                Plaintiff,<br><br>vs.<br><br>DALE G. HAILE DETENTION<br>CENTER MEDICAL DEPARTMENT,<br><br>                Defendant. | Case No. 1:21-cv-00280-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Steven M. Murillo, an inmate at the Dale G. Haile Detention Center in Caldwell, Idaho ("the jail") was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

REVIEW OF COMPLAINTS

1. **Factual Allegations**

Plaintiff alleges that several times he asked jail medical personnel to transfer him from a top bunk to a bottom bunk assignment in the Dale G. Haile Detention Center in Canyon County, Idaho. Medical personnel denied his bunk assignment change request. Within a few weeks, Plaintiff fell from his top bunk, breaking two ribs, fracturing two ribs, injuring his kidney, and causing him to cough up blood. He suffers continuing mental anguish. Plaintiff names the "Medical Department" at the jail as the sole defendant. The law views a suit against a unit of the county as a suit against the county.

2. **Standard of Law**

    A. *General Screening Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting

under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

### B. *Different Standards for Convicted Prisoners and Pretrial Detainees*

It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee when his injuries occurred. The proper standard of law is dependent upon his particular status. The Fourteenth Amendment's Due Process Clause protects pretrial detainees from inadequate medical care and dangerous conditions of confinement that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). The Eighth Amendment's Cruel and Unusual Punishment Clause applies to convicted prisoners, protecting against dangerous conditions of confinement and lack of medical care for serious health conditions. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). If Plaintiff files an amended complaint, that pleading should clarify Plaintiff's status at the time of his injury.

The standards of law are similar but slightly different. Pretrial detainees' claims are analyzed under a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

>> appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).[1]

Similarly, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

---

[1] Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of confinement must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Any amended complaint must contain plausible facts showing that the state actors met the applicable standard of law when they decided to deny Plaintiff's requests for a bottom bunk assignment.

### C. *Suing Entities or Individuals*

To bring a § 1983 claim against a municipality (local governmental entity), like the jail medical unit, Plaintiff must allege facts showing that medical personnel rejected his request for a bottom bunk assignment because they were following an official policy or unofficial custom of the county, rather than that they denied a bottom bunk assignment because of their own individual assessment of the situation, without reliance on a policy or custom. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

*Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

### 3. Discussion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted against a government entity. Without specific factual allegations about what the medical unit policies were and how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the refusal to transfer Plaintiff to a bottom bunk by the individual medical providers was not due to the providers' own independent decisions regarding how to respond to Plaintiff's requests based on their educational training and work experience. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff may amend his Complaint to state additional facts. If he has no policy-related facts, he should not include the medical department in the amended complaint, but instead may desire to sue the individual medical providers who failed to provide him with a safe living environment after he brought his needs to their attention. Plaintiff may be able to find some of this information from his jail or medical records or his completed grievances on these issues. Later in this action, he can find out during the disclosure and discovery period whether the individuals acted pursuant to a department policy or custom.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

If so, he may ask for permission to amend the county back into this action if factual grounds for such a claim exist.

### 4. Instructions for Amendment

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract); (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th

Cir. 2013). If Plaintiff does not desire to proceed, he must file a notice of voluntary dismissal. If Plaintiff fails to file anything further, his Complaint will be dismissed.

## ORDER

IT IS ORDERED:

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order. Failure to take any further action in this case will result in dismissal without further notice.

2. Within **14 days** after entry of this Order, Canyon County officials must provide Plaintiff with an opportunity to review his medical and/or jail records to determine who denied his requests for a bottom bunk assignment. Alternatively, upon Plaintiff's written request, they must provide him with the names of the persons who denied his requests for a bottom bunk assignment and a copy of any particular corresponding records.

DATED: September 8, 2021

David C. Nye
Chief U.S. District Court Judge